# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Chante Caldwell and William Sutton, III, Respondents,

v.

South Carolina Department of Mental Health, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000373

_____

Appeal From Lexington County
Huntley S. Crouch, Family Court Judge

_____

Opinion No. 6091
Submitted October 10, 2024 – Filed October 16, 2024

_____

**REVERSED**

_____

Randy Alexander Pate, II, and Logan Young Royals,
both of South Carolina Department of Mental Health, of
Columbia, for Appellant.

Montford Shuler Caughman, of Caughman Law, LLC, of
Lexington, for Respondent William Sutton, III.

Amanda Mange Scott, of Ken Allen & Associates, LLC,
of Chapin, for Respondent Chante Caldwell.

Dennis M. Gmerek and Becky M. Farmer, both of South Carolina Department of Social Services, of Columbia, for Respondent South Carolina Department of Social Services.

Brett Lamb Stevens, of University of South Carolina School of Law, of Columbia, as Guardian ad Litem.

---

**PER CURIAM:** The South Carolina Department of Mental Health (DMH) appeals a family court order directing it to admit a minor child, J.S., for an inpatient psychiatric evaluation. On appeal, DMH argues the family court erred in ordering the commitment of J.S. for an evaluation without first obtaining a recommendation from the community mental health center. We reverse.

This appeal arises out of a Department of Social Services (DSS) abuse and neglect action regarding J.S.'s parents. During the merits hearing, the family court learned that J.S., who was seventeen years old and on probation with the Department of Juvenile Justice, had been living at the county DSS offices for one month due to the lack of foster care options. The DSS supervisor testified that since he began staying at the DSS offices, J.S. exhibited various behavioral issues, including engaging in drug use, making inappropriate remarks to DSS staff, leaving the grounds without authorization, and disrupting multiple foster care placements. Based on concerns about J.S.'s placement, his mental health and behavioral issues, and the safety of J.S. and those he came into contact with while he was at DSS, the family court ordered DMH to admit J.S. for an inpatient psychological evaluation.

We hold the family court erred in ordering DMH to admit J.S. to an inpatient mental health facility for a psychiatric evaluation. Initially, although the specific case regarding J.S. is now moot because DMH admitted J.S. to an inpatient mental health facility and evaluated him, this appeal raises a question that is capable of repetition, but which will frequently become moot before it can be reviewed. *See S.C. Dep't of Mental Health v. State*, 301 S.C. 75, 76, 390 S.E.2d 185, 185 (1990) (addressing a moot issue when the question presented—whether the family court had the authority to commit juveniles to DMH for "safekeeping"—was capable of repetition but usually evaded review).

On the merits, we hold the plain language of section 44-24-150 of the South Carolina Code (2018) requires a minor to first be evaluated at a community mental

health center before the family court may order an inpatient evaluation for the juvenile. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."); § 44-24-150(A) ("A family court may order that a child, who is otherwise before the court on another matter, be given a psychiatric evaluation by the appropriate community mental health center. The community mental health center shall schedule the child for the ordered evaluation as soon as possible and shall provide the family court with a written report of the results of the evaluation within five working days following the evaluation."); § 44-24-150(B) ("If the community mental health center reports to the family court that the child is in need of an inpatient psychiatric evaluation, the family court may commit the child to a hospital designated by the department for a psychiatric evaluation.").[1] Accordingly, we reverse the family's court's order directing DMH to admit J.S. for an inpatient evaluation.

**REVERSED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] DMH raises several other claims of error, including that the family court's order resulted in an unconstitutional safekeeping, future harm, and a violation of J.S.'s right to due process. Because our holding that the family court erred in ordering J.S. to undergo an inpatient evaluation based on the plain language of the statute is dispositive, we decline to address DMH's additional arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address an appellant's remaining issues when the disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.